United States District Court
Northern District of California

| | |
|---|---|
| PEDRO RODRIGUEZ, | Case No. 18-cv-02063-JST (PR) |
| Plaintiff, | |
| v. | **ORDER OF DISMISSAL** |
| MATT GRECO, et al., | |
| Defendants. | |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Plaintiff, an inmate at Valley State Prison, filed a pro se petition for writ of mandamus seeking to remove to federal court pending state criminal proceedings he is undergoing in San Diego County Superior Court. Petitioner has been granted leave to proceed in forma pauperis by separate order. His petition is now before the court for review under 28 U.S.C. § 1915A.

**DISCUSSION**

**A.  Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although

in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

**B.   Legal Claims**

According to the petition and attachments thereto, plaintiff was convicted in a prior state criminal proceeding in June 2015 of multiple sexual offenses against a minor. While serving his sentence on those convictions, the San Diego County District Attorney brought new charges against plaintiff related to unemployment insurance fraud. Plaintiff argues that the criminal fraud proceedings, which are now pending, are in violation of the California Insurance Code and are based on records that the San Diego District Attorney altered. He asks that the criminal fraud proceedings be removed to this court to safeguard his rights.

Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances. *See Younger v. Harris*, 401 U.S. 37, 43-54 (1971). *Younger* abstention is required when (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue. *See Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). Injunctive relief is available only upon "showing irreparable injury." *Younger*, 401 U.S. at 46. However, "[c]ertain types of injury, in particular, the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution, could not by themselves be considered 'irreparable' in the special legal sense of that term. Instead, the threat to the plaintiff's federally protected rights must be one that cannot be eliminated by his defense against a single criminal prosecution." *Id.*

Abstention is appropriate here because plaintiff fails to demonstrate irreparable injury and all of the elements of *Younger* are present. As to the first *Younger* element, the record shows that

2

plaintiff's state court proceedings are ongoing. As to the second *Younger* element, the Supreme Court has held that "a proper respect for state functions," such as the ongoing criminal proceedings we see here, is an important issue of state interest. *See Preiser v. Rodriguez*, 411 U.S. 475, 491-92 (1973) (quoting *Younger*, 401 U.S. at 44). As to the third prong of *Younger*, the Court finds no reason that plaintiff cannot pursue his claims in state court, such as by challenging the prosecution's evidence and presenting his arguments regarding the California Insurance Code—which necessarily involves the interpretation of state law and does not raise federal constitutional issues. The Ninth Circuit has held that *Younger* abstention is only appropriate where the federal court action would have the same practical effect on the state proceeding as a formal injunction. *Gilbertson v. Albright*, 381 F.3d 965, 977-78 (9th Cir. 2004). Here, plaintiff seeks to remove the criminal action to this court, which would have the practical effect of enjoining the state court proceedings.

## CONCLUSION

For the foregoing reasons, the petition is hereby DISMISSED. The dismissal is without prejudice to plaintiff filing a federal habeas petition once his state criminal proceedings are completed and he has exhausted his state court remedies as to all claims he wishes to raise in federal court.

The Clerk shall terminate all pending motions, enter judgment, and close the file.

**IT IS SO ORDERED.**

Dated: August 7, 2018

JON S. TIGAR
United States District Judge

3